[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision Regarding Termination of Parental Rights
On March 26, 2001, this Court presided over a trial in the matter of Inre Marcus B. Present in the courtroom were Assistant Attorney General counsel for the Department of Children and Families, Attorney counsel for the mother, Robyn M. Attorney counsel for the father, Lewellyn B. Attorney counsel for the minor child and Lisa Anastasio and Tommi Handy, social workers for the Department of Children and Families (the Department).
Mother and father were not present in court for these proceedings.
The testimony and exhibits introduced at this hearing provided the following procedural history. On August 31, 1998 Ms. Theresa M., Marcus B. maternal grandmother, secured an order for the child's temporary custody through Probate Court in Derby, Connecticut. Within a few days, Ms. M. notified the Department of Children and Families that she was no longer interested in custody of the child. Therefore, on September 8, 1998 Probate Court granted the Department's request for temporary custody. Thereafter the Department filed appropriate neglect petitions. Marcus has been committed to the Department since June 2, 1999. A Petition for Termination of Parental Rights was filed on May 1, 2000. The bases for the termination are abandonment, failure to rehabilitate and lack of on going parent — child relationship.
Based on the testimony at trial and information contained in the court file, this Court makes the following findings:
 A. There is clear and convincing evidence that the Department of Children and Families has made reasonable efforts to locate both mother, Robyn M. and father, Leweilyn B.
In the case of Ms. M. the Department has searched not only the immediate area, but also all locations wherein Ms. M. might have had a legal residence. All efforts by both the Department and counsel have been unsuccessful. It is clear that at the time of the petition, Ms. M. was no longer an active duty member of the armed forces.
Mr. B. presents a different situation. Although notified of these and all prior proceedings, Mr. B. has been conspicuously absent from court sessions. A member of the armed forces, Mr. B. active duty status did not present any impediment to his attendance. Though properly notified, he simply chose not to appear.
 B. There is clear and convincing evidence that the Department of Children and Families has made reasonable efforts to reunify the child with his CT Page 4397 parents.
In the present case, the Department made reasonable efforts. However, because the parents have abandoned their child and have not made themselves available to the court, the Department of Children and Families or their counsel, the efforts were not successful. Furthermore, on February 2, 2000, a trial court found that reunification efforts were no longer appropriate.
 C. There is clear and convincing evidence that for at least one year the following has existed:
 (1) The child has been abandoned. Both parents have failed to maintain a reasonable degree of interest, concern or responsibility;
 (2) The parents have failed to achieve such degree of personal rehabilitation as would encourage the belief that with a reasonable time they could assume a responsible position in their child's life; and
 (3) The actions of the parents were such that there is no parent — child relationship at the present time.
 D. Termination is in the best interests of the child by clear and convincing evidence.
In arriving at this decision, the court has considered the following factors:
 1. The timeliness, nature and extent of services offered or provided to facilitate the reunion of child with parents.
The Department of Children and Families was immediately available for this family, offering services in a variety of areas. Both parents were totally non-compliant.
 2. The terms of any applicable court order, and the extent to which the parties have fulfilled their obligations under the order.
Neither parent has ever contacted either the court or the Department of Children and Families. Neither sought visitation with their child; neither inquired about the welfare of this child. In summary, they have ceased to acknowledge their child's existence. Furthermore, they failed CT Page 4398 to adhere to any of the court's expectations.
 3. Feelings and emotional ties of the child with respect to his parents and any person who exercised physical care, custody and control of the child for at least one year with whom the child has developed significant emotional ties.
Neither parent has ever contacted the Department of Children and Families to inquire about the welfare of this child. Neither has provided financial support. Neither has offered resources to their child. Neither has acknowledged the special anniversaries or holidays generally considered important by children.
Marcus has a strong, loving relationship with his current foster parents and the siblings in that household. The child turns to these foster parents for comfort and reassurance.
4. Age of the Child
Marcus is now six years old.
 5. Parents efforts to adjust their circumstances to make it in the best interests of the child to return him to his home in the foreseeable future, including the extent of parental contact or communication with the child's guardian or custodian.
To the knowledge of this court, neither parent has made any effort to accommodate the needs of this child.
 6. Extent to which the parent has been prevented from maintaining a meaningful relationship with the child by unreasonable acts of the child, other parent or other person or economic circumstances.
Neither parent has been prevented from maintaining a meaningful relationship with the child. They merely chose not to exercise this right.
 7. Whether the Department of Children and Families has made reasonable efforts to reunite the family pursuant to the federal Child Welfare Act of 1980.
The Department of Children and Families has made every reasonable effort to reunite this family. Unfortunately at the present time, termination of parental rights is in the best interests of this child. CT Page 4399
The statutory parent for Marcus B. shall be the Commissioner of the Department of Children and Families. A case plan must be filed within thirty days.
Julia DiCocco Dewey, Judge.